UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COUNTY OF ANGELINA<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.<br><br>　　　　Defendants. | Case No. 4:18-cv-04707 |

| | |
|---|---|
| COUNTY OF BLANCO<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.<br><br>　　　　Defendants. | Case No. 4:18-cv-04705 |

| | |
|---|---|
| COUNTY OF JASPER<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.<br><br>　　　　Defendants. | Case No. 4:18-cv-04706 |

**JOINT MOTION TO REMAND**

**NOW INTO COURT**, through the undersigned counsel, comes Plaintiffs, COUNTY OF ANGELINA, TEXAS, COUNTY OF BLANCO, TEXAS, and COUNTY OF JASPER, TEXAS to move this Honorable Court to remand this matter to the 152d Judicial District Court of Harris County, Texas, MDL No. 18-0358, In Re: Texas Opioid Litigation, for the reasons set forth herein and in the memorandum filed contemporaneously herewith. This Joint Motion to Remand is filed for Plaintiffs because the issues presented and arguments thereon are the same.

I.

On December 13, 2018, Plaintiffs received notice of removal to the United States District Court for the Southern District of Texas, Houston Division by Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC. (hereinafter collectively "Purdue").

Purdue alleges that complete diversity is defeated on the basis that Purdue's resident Trustee moved to a State other than Texas sometime after December 20, 2017, but before the filing of Plaintiffs' actions on November 8, 2018 and November 13, 2018.

II.

Plaintiffs oppose removal and move for remand back to State court on the basis that this Court does not have subject matter jurisdiction over this matter. As more fully set forth in the accompanying Memorandum of Points and Authorities in Support, there is not complete diversity in this case because Plaintiffs and at least one defendant are Texas citizens. Purdue Pharma L.P. has a resident Trustee in the State of Texas.

The burden is on the removing Defendant to establish that these facts are not true for purposes of diversity jurisdiction. Indeed, "the removing party bears the burden of showing that the court has jurisdiction **by a preponderance of the evidence**." *May v. New Century Mortgage*

*Corp.*, 2016 WL 8792317, at *2 (S.D. Tex. 2016)(*citing Kidd v. Southwest Airlines, Co.,* 891 F.2d 540, 546 (5th Cir. 1990)). Purdue—the removing defendant—failed to meet that burden. Namely, the mere, unsupported allegation that Purdue's Trustee has moved from the State is not sufficient to support Purdue's burden. As more fully set forth in the Memorandum hereto, property records in Austin, Travis County, Texas show that Purdue's Trustee, Richard S. Sackler, has claimed a homestead exemption for 2018 on his property in Austin, Texas and maintains a current driver's license and voting registration in the State of Texas at that address.

Six remands were granted in opioid-related county litigation in Texas between December 20, 2017 and March 28, 2018, in part on the uncontroverted basis that Purdue is a citizen of Texas.[1] Since these remands issued, multiple other counties have sued without being removed by Purdue– i.e., Nueces County, Harrison County, County of El Paso, Hidalgo County, Cameron County, Kerr County, Waller County, Burleson County, Grayson County, and Liberty County.

Purdue transferred Plaintiffs out of their home districts of the Eastern District of Texas, Lufkin Division (Angelina County), the Western District of Texas, Austin Division (Blanco County), and the Eastern District of Texas, Beaumont Division (Jasper County) before filing this removal.[2] This behavior is the essence of gamesmanship.

**WHEREFORE**, Plaintiffs respectfully request that this matter be remanded to the 152d Judicial District Court of Harris County, Texas for further proceedings in MDL No. 18-0358, In Re: Texas Opioid Litigation.

---

[1] The remands are Hopkins County, Travis County, Delta County, Dallas County, Falls County, and Van Zandt County. *See* **Ex. C.**

[2] *Harris County v. Purdue, et al.*, is the only opioid-related county case removed to Federal Court in Texas where the remand motion was not ruled upon *sua sponte* by the court. Harris County was ultimately sent to the federal MDL in the N.D. of Ohio without a ruling on its remand motion, which to date has not been heard. Meanwhile, the Texas Judicial Panel on Multi-District Litigation assigned the Texas entity opioid MDL to Judge David Peeples, who recused, and then to the 152d Judicial District Court of Harris County, Texas for purposes of coordination of pre-trial proceedings before being remanded back to each Plaintiff's home district for trial.

Dated: December 18, 2018

Respectfully submitted,

By: */s/ David C. Greenstone*
**SIMON GREENSTONE PANATIER, P.C.**
David C. Greenstone
TX State Bar No. 24007271
Jeffrey B. Simon
TX State Bar No. 00788420
Amy M. Carter
TX State Bar No. 24004580
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Tel: (214) 276-7680
Fax: (214) 276-7699
jsimon@sgptrial.com
acarter@sgptrial.com

*Attorney-in-Charge*

Cary D. Kirby
County Attorney for Angelina County
TX State Bar No. 11495980
P.O. Box 1845
Angelina, TX 75902-1845
Tel: **(936) 639-3929**
Fax: (936) 639-3905
**ckirby@angelinacounty.net**

**PAUL D. HENDERSON, P.C.**
Paul D. Henderson
TX State Bar No. 09426300
712 W. Division Ave.
Orange, TX 77630
Tel: (409) 883-9355
Fax: (409) 883-8377
pdhendersonlaw@aol.com

**DIES & PARKHURST, L.L.P.**
David Dies
TX State Bar No. 05850800
Steven L. Parkhurst
TX State Bar No. 00797206
1009 Green Avenue
Orange, TX 77630
Tel: (409) 883-0892
Fax: (409) 670-0888
ddies@dieslaw.com
sparkhurst@dieslaw.com

**COUNSEL FOR PLAINTIFF
ANGELINA COUNTY, TEXAS**


**SIMON GREENSTONE PANATIER, P.C.**
Jeffrey B. Simon
TX State Bar No. 00788420
Amy M. Carter
TX State Bar No. 24004580
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Tel:  (214) 276-7680
Fax: (214) 276-7699
jsimon@sgptrial.com
acarter@sgptrial.com

Deborah Earley
County Attorney for Blanco County
TX State Bar No. 24047862
101 E. Pecan Drive
P.O. Box 471
Johnson City, TX 78636
Tel: **(830) 868-4447**
Fax: (830) 868-7788
**coatty@co.blanco.tx.us**


**MARTIN WALKER, P.C.**
John F. (Jack) Walker, III
TX State Bar No. 00785167
Reid Wm. Martin
TX State Bar No. 13098986
121 N. Spring Avenue

Tyler, Texas 75702
Tel: (903) 526-1600
Fax: (903) 595-0796
rmartin@martinwalkerlaw.com
jwalker@martinwalkerlaw.com

**JAMES M. HARRIS, JR., ATTORNEY AT LAW**
James M. Harris, Jr.
TX State Bar No. 09065800
300 Main Street, Room 101
P.O. Box 1845
Blanco, TX 78606
Tel: (830) 833-5710
jamesharrislaw@gmail.com

**JEFFREY LAW FIRM**
Ray B. Jeffrey
TX State Bar No. 10613700
2631 Bulverde Road, Suite 105
Bulverde, TX 78163
Tel: (830) 438-8935
Fax: (830) 438-4958
ray@jeffreylegal.com

**CHRIS BYRD LAW**
J. Christopher Byrd
TX State Bare No. 03547980
706 E. Blanco Road, Suite 200
Boerne, TX 78006
Tel: (830) 249-3559
Fax: (830) 214-2181
cbyrd@chrisbyrdlaw.com

**COUNSEL FOR PLAINTIFF BLANCO COUNTY, TEXAS**

**SIMON GREENSTONE PANATIER, P.C.**
Jeffrey B. Simon

TX State Bar No. 00788420
Amy M. Carter
TX State Bar No. 24004580
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Tel: (214) 276-7680
Fax: (214) 276-7699
jsimon@sgptrial.com
acarter@sgptrial.com


Steve Hollis
Jasper County District Attorney
TX State Bar No. 09882750
121 N. Austin Street
Room 101
Jasper, TX 75951
Tel: (409) 384-4362
Fax: (409) 384-1309


**PAUL D. HENDERSON, P.C.**
Paul D. Henderson
TX State Bar No. 09426300
712 W. Division Ave.
Orange, TX 77630
Tel: (409) 883-9355
Fax: (409) 883-8377
pdhendersonlaw@aol.com


**DIES & PARKHURST, L.L.P.**
David Dies
TX State Bar No. 05850800
Steven L. Parkhurst
TX State Bar No. 00797206
1009 Green Avenue
Orange, TX 77630
Tel: (409) 883-0892
Fax: (409) 670-0888
ddies@dieslaw.com
sparkhurst@dieslaw.com

**COUNSEL FOR PLAINTIFF
JASPER COUNTY, TEXAS**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with Noelle Reed, Lead Attorney and counsel for the Purdue Defendants, and Daniel Mayerfeld, on December 17, 2018, and have made a reasonable effort to reach an agreement about Plaintiffs' Motion to Remand. Counsel opposes the motion.

Therefore, this matter is presented to the Court for determination.

*/s/Jeffrey B. Simon*
Jeffrey B. Simon

## CERTIFICATE OF SERVICE

I certify on the 18th day of December, 2018, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/Jeffrey B. Simon*
Jeffrey B. Simon