## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| COUNTY OF ANGELINA <br><br> Plaintiff, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al. <br><br> Defendants. | Case No. 4:18-cv-04707 |
| COUNTY OF BLANCO <br><br> Plaintiff, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al. <br><br> Defendants. | Case No. 4:18-cv-04705 |
| COUNTY OF JASPER <br><br> Plaintiff, <br><br> vs. <br><br> PURDUE PHARMA L.P., et al. <br><br> Defendants. | Case No. 4:18-cv-04706 |

## PURDUE'S RESPONSE TO PLAINTIFFS' JOINT MOTION TO REMAND

Pursuant to 28 U.S.C. §§ 1446-47, Purdue Pharma L.P.; Purdue Pharma Inc.; and The Purdue Frederick Company, Inc. (together, "Purdue"), respond to Plaintiffs' Joint Motion to Remand as follows:

## INTRODUCTION

Plaintiffs' argument rests on the illogical premise that a person cannot change his or her state citizenship. Not surprisingly, this premise has no basis in law or fact. Defendant Purdue Pharma L.P. was once a Texas citizen for diversity purposes because Dr. Richard Sackler, who is the trustee of a trust several levels up the ownership chain of Purdue Pharma L.P., was a Texas citizen. In June of 2018, however, Dr. Sackler sold his home in Texas and moved to Florida with the intent to remain there indefinitely. Demonstrating his intent to remain in Florida, Dr. Sackler leased a home in Florida, obtained a Florida driver's license (which required him to surrender his Texas driver's license), and registered to vote as a Florida resident.

Plaintiffs' unsupported speculation that Dr. Sackler did not move to Florida is insufficient to defeat diversity jurisdiction. Purdue affirmatively alleged the citizenship of all defendants in the Notice of Removal, and Plaintiffs have no basis to challenge Purdue Pharma L.P.'s citizenship. The motion to remand should be denied.

## PROCEDURAL BACKGROUND

In November 2018, the counties of Blanco, Angelina, and Jasper filed petitions naming various Purdue entities, Endo entities, and Janssen/Johnson & Johnson entities as Defendants. On December 11, 2018, Defendant Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. filed a Notice of Transfer of Tag-Along Case transferring these three cases to the Texas Opioid MDL No. 2018-63587 pending in the 152nd District Court for Harris County, Texas. Plaintiffs do not contest that the cases were properly tagged to the Texas Opioid MDL.

On December 13, 2018, Purdue timely removed the Blanco County, Angelina County, and Jasper County cases to federal court based on diversity jurisdiction.  Blanco County, Angelina County, and Jasper County filed a joint motion to remand on December 18, 2018, alleging that complete diversity does not exist because Purdue Pharma L.P. is a citizen of Texas. Plaintiffs do not allege that any other party precludes diversity jurisdiction.  Nor do Plaintiffs dispute that the amount in controversy requirement is met.[1]

On December 14, 2018, Purdue identified the Blanco, Angelina, and Jasper County actions as tag-along actions for inclusion in MDL Case No. 2804, *In re: National Prescription Opiate Litigation*, pending in the Northern District of Ohio.  On January 4, 2019, the United States Judicial Panel on Multidistrict Litigation conditionally transferred these three actions to MDL 2804.  (*See* Ex. 1, Conditional Transfer Order, *In re: National Prescription Opiate Litigation* (MDL Case No. 2804 filed Jan. 4, 2019) (Dkt. 3391.)

## ARGUMENT

I.      **There is complete diversity among the parties.**

A.      **Purdue Pharma L.P. was not a citizen of Texas when the removed cases were filed and served.**

Purdue Pharma L.P. is not a Texas citizen for diversity purposes because there are no Texas citizens in the Purdue Pharma L.P. ownership chain.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009) (finding that diversity jurisdiction existed after tracing [the parties'] "citizenships down the various organizational layers where necessary . . . .").  Purdue Pharma L.P. is a limited partnership with two members.  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. Conagra Foods, Inc.,* 136 S. Ct.

---

[1]     Diversity jurisdiction requires an amount in controversy of $75,000.  28 U.S.C.§1332(a).  That requirement is met and unchallenged here.

1012, 1015 (2016).  Where a partnership's partners are themselves partnerships, the diversity analysis requires an evaluation of the citizenship of each entity in the ownership chain.  *Mullins,* 564 F.3d at 397, 398.

 Dr. Sackler is the only person or entity in the Purdue Pharma L.P. ownership chain alleged by Plaintiffs to be a citizen of Texas.  Purdue does not dispute that Dr. Sackler's citizenship is relevant to the diversity analysis concerning Purdue Pharma L.P. based on the fact that he is one of two trustees of a Connecticut trust within the ownership chain of Purdue Pharma L.P. and a trust takes on the citizenship of its trustees.  *Americold Realty Tr.*, 136 S. Ct. at 1016-17.  The Connecticut trust of which Dr. Sackler is a trustee, owns a partnership interest in Rosebay Medical Company L.P.  Rosebay Medical Company L.P. holds a partnership interest in BR Holdings Associates L.P., which holds a partnership interest in PLP Associates Holdings L.P.  PLP Associates Holdings L.P. holds a partnership interest in Pharmaceutical Research Associates L.P. (formerly known as Purdue Holdings L.P.), which, in turn, owns a partnership interest in Purdue Pharma L.P.  Dr. Sackler, however, is not a citizen of Texas.

 In June of 2018, Dr. Sackler sold his residence in Texas and shortly thereafter moved to Florida where he leased a new residence with the intent to remain there.  (*See* Ex. 2, Declaration of Richard S. Sackler ("Sackler Decl.").)  Thus, by November 2018 when Plaintiffs filed their petitions, Purdue Pharma L.P. was no longer a Texas citizen.  Removal on diversity grounds was therefore proper because complete diversity existed at the time Plaintiffs' petitions were filed and when Purdue timely removed them on December 13, 2018.  *See Coury v. Prot,* 85 F.3d 244, 248-49 (5th Cir. 1996);  *see also Pathology Assocs. v. Travelers Lloyds of Texas Ins. Co.,* No. 7:14-cv-12, 2014 WL 12678318, at *1 (S.D. Tex. Mar. 11, 2014).

4

**B.     Any presumption of continuing domicile is easily rebutted by Dr. Sackler's move to Florida and intent to remain there.**

Plaintiffs contend that Dr. Sackler's change of citizenship should not be credited, relying on a "presumption of continuing domicile" that courts recognize when a person relocates.  (Joint Motion to Remand at 4.)  But the Fifth Circuit has held that any such presumption is defeated where, as in this case, that person demonstrates that he or she: (1) resides in a new state, and (2) intends to remain in the new state indefinitely.  *Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 448 (5th Cir. 2003);  *see also Melendez-Garcia v. Sanchez,* 629 F.3d 25, 41 (1st Cir. 2010).  The length of time a person resides in a new state is irrelevant—once he or she has moved and intends to remain in a new state, the "new domicile is instantaneously established."  *Acridge*, 334 F.3d at 448 ("There is no durational residency requirement in the establishment of domicile . . . .").

Plaintiffs do not and cannot dispute that Dr. Sackler has, in fact, moved to Florida and now resides there.  The first requirement is therefore met.

In evaluating the second requirement—intent to remain indefinitely—courts conduct a fact-based analysis.  *Id.*  In conducting this analysis, the courts of the Fifth Circuit look to factors such as "where the person votes, owns property, has a driver's license, and conducts his business."  *Pathology Assocs.,* 2014 WL 12678318, at *2 (finding sufficient evidence to show change in domicile where defendant moved to Colorado, paid Colorado income tax, and obtained a Colorado driver's license); *Cedillo v. Allstate Vehicle & Prop. Ins. Co.,* No. 7:17-CV-232, 2018 WL 998494, at *2 (S.D. Tex. Jan. 5, 2018) (finding Kansas photocopy of defendant's driver's license persuasive evidence of defendant's intent to remain in Kansas); *Nyamtsu v. Melgar,* No. H13-2333, 2013 WL 6230454 (S.D. Tex. Dec. 2, 2013) (evidence that defendant moved to Maryland sufficient to show intent to remain even though defendant retained Texas

bank accounts and Texas driver's license); *see also Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 32 (1st Cir. 2008) (finding change in domicile where defendant submitted two declarations of intent to remain in Florida, ledgers reflecting payments for residence in Florida, and evidence of the issuance of a Florida driver's license).

Applying these factors, any presumption of continuing domicile is easily defeated here. As Plaintiffs concede, Dr. Sackler sold his Texas residence in June of 2018.  (Pl.s' Joint Mot. to Remand, Ex. E; *see also* Ex. 2, Sackler Decl.)  On August 17, 2018, he leased a home in Riviera Beach, Florida.  (Ex. 2, Sackler Decl.)  On October 2, 2018, he was issued a Florida driver's license.  (Ex. 2, Sackler Decl.)  Dr. Sackler surrendered his Texas driver's license when he applied for his Florida driver's license.  (Ex. 2, Sackler Decl.)  He registered to vote in Florida on October 2, 2018, and in fact voted in the November 2018 general election as a Florida resident. (Ex. 2, Sackler Decl. and Ex. 6, Voter Information Lookup, https//registration.elections.myflorida.com/en/CheckVoterStatus))   He did not vote in Texas. (Ex. 2, Sackler Decl.)  Taken together, this evidence overwhelmingly demonstrates that Dr. Sackler is a Florida citizen as he has abandoned his Texas citizenship and intends to reside in Florida indefinitely.  *Acridge*, 334 F.3d at 448.

**C.     Plaintiffs fail to raise any genuine dispute as to Dr. Sackler's intent to remain in Florida.**

Plaintiffs offer several pieces of "evidence" they claim demonstrate that Dr. Sackler is still a Texas citizen.  None of this evidence, however, refutes the unavoidable conclusion that Dr. Sackler is a resident of Florida.  First, despite conceding that Dr. Sackler sold his Texas property in June of 2018 (Joint Motion to Remand at 5), Plaintiffs claim that Dr. Sackler must intend to remain a citizen of Texas because an online property record shows that there is a homestead

exemption on file for Dr. Sackler's former residence.[2]  But Plaintiffs provide no evidence—because there is none—that Dr. Sackler applied for a homestead exemption after June of 2018. Homestead exemptions in Texas are automatically extended each year after they are initially granted.  *See* Ex. 4, Texas Comptroller of Public Accounts, Residence Homestead Exemption Frequently Asked Questions, https://comptroller.texas.gov/taxes/property-tax/exemptions/residence-faq.php ("Once you have received the [homestead] exemption, you do not need to reapply unless the chief appraiser sends you a new application.").  Once it was established, Dr. Sackler's homestead exemption continued to run on his former Texas residence without any affirmative action by Dr. Sackler to apply for or otherwise seek that exemption. Thus, that Dr. Sackler's Texas property qualified for a homestead exemption at some point has no bearing on Dr. Sackler's intent to remain in Florida.

Second, Plaintiffs observe that Dr. Sackler's Texas driver's license is not expired.  But as Dr. Sackler attests, he surrendered that license and now holds only a Florida driver's license. (Ex. 2, Sackler Decl.)  This is consistent with the Florida Department of Motor Vehicles' policy that "a valid driver's license from another US state … can be exchanged for a Florida Driver's License."  (*See* Ex. 5, Florida Department of Motor Vehicles' website, https://www.dmvflorida.org/drivers-license/out-of-state-drivers.)  Dr. Sackler's decision to surrender his Texas license for a Florida license demonstrates his intent to remain in Florida.  *See Cedillo,* 2018 WL 998494, at *2.

Finally, Plaintiffs argue that Dr. Sackler must be a Texas citizen because he allegedly has not changed his voter registration yet.  But public records and Dr. Sackler's declaration show

---

[2]   Plaintiffs obtained Ex. D from the Travis Central Appraisal District's website, which expressly notes that "it makes no claims, promises or guarantees about the accuracy, completeness, or adequacy of th[e] information" provided on that website.  (See Ex. 3, http://propaccess.traviscad.org/clientdb/?cid=1.)

that Dr. Sackler registered to vote in Florida in October of 2018 and did in fact vote in Florida in the November 2018 general election.   (Ex. 2, Sackler Decl. and Ex. 6, Voter Information Lookup,   https//registration.elections.myflorida.com/en/CheckVoterStatus).      That he has registered to vote and voted as a resident of Florida is further evidence of Dr. Sackler's intent to remain in Florida indefinitely.   *See Padilla-Mangual*, 516 F.3d at 32 ( "[T]he place a person registered to vote is a 'weighty' factor in determining domicile.").

Plaintiffs' alleged evidence proves nothing more than that Dr. Sackler was once a citizen of Texas.   But that fact is undisputed.   The evidence before this Court establishes that Dr. Sackler is no longer a Texas citizen and was not a Texas citizen at the time Plaintiffs filed their petitions. Plaintiffs identify no competent evidence to the contrary.

## II.   Purdue's Notice of Removal met its burden to include a "short and plain statement" of diversity.

Plaintiffs claim that Purdue's removal was somehow improper because it was "based upon nothing more than [Purdue's] unsubstantiated allegations."   (Joint Mot. to Remand at 3.) But a notice of removal need only contain "a short and plain statement of the grounds for removal."  28 U.S.C. §1446(a).  Where diversity is the grounds for removal, a removing party need only "distinctly and affirmatively allege . . . that the plaintiff and defendant are citizens of different states."   *HSBC Bank USA Nat'l Ass'n v. Vaughan*, No. H–13–0736, 2014 WL 125938, at *1 (S.D. Tex. Jan. 8, 2014) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991)).  Purdue's Notice of Removal not only set out the citizenship for each Defendant, but also included additional facts relevant to Purdue's citizenship, including principal places of business, states of incorporation, and members of the relevant partnerships.  (Notice of Removal at ¶ 13).  Most relevantly, the Notice of Removal included a short statement of facts explaining that Purdue Pharma L.P. was no longer a Texas citizen because "the trustee who was previously

located in Texas moved to another state and no longer resides in Texas." (*Id.*)  Nothing more was required.  *See* 28 U.S.C. §1446(a).

Only when a party challenges a removing party's citizenship allegations must the removing party proffer evidence to support those allegations by a preponderance of the evidence. *Welsh v. American Sur. Co. of N.Y.,* 186 F.2d 16, 17 (5th Cir. 1951).  A removing party can meet this burden through submission of a sworn statement of facts or other evidence that supports diversity jurisdiction.  *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *1 (S.D. Tex. Oct. 10, 2008) (citing *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

Dr. Sackler's sworn declaration and the other evidence submitted with this opposition establish that Dr. Sackler (1) sold his property in Texas in June of 2018; (2) leased a home in Riviera Beach, Florida on August 17, 2018; (3) surrendered his Texas driver's license and obtained a Florida driver's license in October of 2018; (4) registered to vote in Florida in October of 2018; and (5) voted as a resident of Florida in the November 2018 general election. (Ex. 2, Sackler Decl. and Ex. 6, Voter Information Lookup, https//registration.elections.myflorida.com/en/CheckVoterStatus).)  All of these events occurred before the removed cases were filed and served in November 2018.  Purdue has therefore met its burden of proof regarding Dr. Sackler's Florida citizenship.

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530 (5th Cir. 2017), cited by Plaintiffs, is inapposite.  In *Settlement Funding*, the court found a party's citizenship allegations insufficient to support removal because it conceded that it could not demonstrate the citizenship of each of the relevant entities, and thus could not meet its burden to establish diversity.  *See Id.*  Purdue Pharma L.P., however, alleged the citizenship of each party, described

why Purdue Pharma L.P. was no longer a Texas citizen, and has provided further evidence of the citizenship of Purdue Pharma L.P.

**III.     Whether prior cases were removed is irrelevant.**

Plaintiffs' observation that similar opioid-related cases were remanded or never removed is correct but irrelevant.  First, Defendants of course did not remove cases during the period in which Dr. Sackler was still a Texas citizen because diversity was lacking.  In any event, removal is not mandatory.  Nothing in the statute or case law precludes a party from electing to remove one case but declining to remove another, similar case.  While federal courts are courts with limited jurisdiction, "parties have rights to choice of forum" and those rights "should carry no pejorative cost of 'forum shopping.'"  *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916, 919 (5th Cir. 2001).  Plaintiffs cite no law or precedent suggesting that because Purdue elected not to remove other cases, it may not remove these cases.

**CONCLUSION**

For the foregoing reasons, Purdue Pharma L.P. respectfully asks the Court to deny Plaintiffs' Joint Motion to Remand, or, in the alternative, defer adjudication of this motion until after resolution of the transfer of Plaintiffs' action to the MDL.

Dated: January 8, 2019                    Respectfully submitted,

                                          */s/ Noelle M. Reed*
                                          Noelle M. Reed
                                          Federal Bar No. 27139
                                          State Bar No. 24044211
                                          noelle.reed@skadden.com
                                          SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP
                                          1000 Louisiana Street, Suite 6800
                                          Houston, Texas  77002
                                          Tel:  (713) 655-5122
                                          Fax:  (713) 483-9122

                                          ***Purdue Pharma L.P.; Purdue Pharma Inc.;
                                          and The Purdue Frederick Company, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2019, the forgoing document was transmitted to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing for this filing to all registered counsel of record.

*/s/ Noelle M. Reed*
Noelle M. Reed
