UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COUNTY OF BLANCO,<br><br>  Plaintiff,<br><br>vs.<br><br>PURDUE PHARMA L.P., et al.<br><br>  Defendants. | Case No. 4:18-cv-04705 |

## PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING REMAND

Plaintiff COUNTY OF BLANCO respectfully requests that this Court reconsider its Order of January 20, 2019, denying Plaintiff's Motion to Remand (Dkt. #12) pursuant to Federal Rule of Civil Procedure 54(b). Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. (collectively, "Purdue"), as the removing parties, have the burden of establishing diversity jurisdiction given that they invoked federal jurisdiction by removing Plaintiff's state court case. Because Purdue failed to prove complete diversity of citizenship, the case should be remanded.

### BACKGROUND

County of Blanco filed its Original Petition on November 5, 2018 in the 424th Judicial District Court of Blanco County, Texas. Purdue received service of the Petition on November 13, 2018. On December 11, 2018, the case was transferred as a tag-along to the Texas Opioid MDL in the 152nd Judicial District Court of Harris County. Purdue filed notice of removal on December 13, 2018, asserting complete diversity of citizenship. (Doc. #1.) Plaintiff filed a Motion to Remand

on December 18, 2018. (Doc. #4.) On January 30, 2019, the Court denied Plaintiff's Motion. (Doc. #12.)

In the Notice of Removal, Purdue stated that Purdue Pharma L.P. is a limited partnership owned under the laws of Delaware, none of whose partners are citizens of Texas. (Doc. #1 at ¶12.) Purdue asserted that a trustee in the ownership chain of Purdue Pharma L.P. had moved from Texas to Florida, thereby creating complete diversity of citizenship. (*Id*. at ¶13.) Purdue's response to Plaintiff's motion to remand likewise focused on the citizenship of the single trustee, Dr. Richard Sackler.

## LEGAL AUTHORITY

An order denying remand is not a final order. *Bender v. Pennsylvania Co.*, 148 U.S. 502, 13 S. Ct. 640, 37 L. Ed. 537; *Arthur v. Edmunds*, 66 F.2d 21 (5th Cir. 1933). A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action. *Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S. Ct. 906, 915 (2004) (*citing Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U.S. 379, 382, 28 L. Ed. 462, 4 S. Ct. 510 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); *Capron* v. *Van Noorden,* 6 U.S. 126, 2 Cranch 126, 127, 2 L. Ed. 229 (1804)(judgment loser successfully raised lack of diversity jurisdiction for the first time before the Supreme Court); Fed. Rule Civ. Proc. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")). Plaintiff requests the Court reconsider its denial of remand pursuant to Federal Rule 54(b).

## ARGUMENT

"It is well-settled that the removing party bears the burden of showing that the removal was proper." *Ruiseco v. Corpus Christi Hous. Auth.*, Civil Action No. C-06-423, 2006 U.S. Dist. LEXIS 82521, at *6 (S.D. Tex. 2006) (*citing Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921-22 (5th Cir. 1997)). As party seeking removal, Purdue bore the burden of establishing federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id*. Purdue asserted that federal jurisdiction lies because there is a complete diversity of citizenship—or all persons on one side of the controversy are citizens of different states than all persons on the other side.[1] *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008). If Purdue failed to meet its burden of establishing complete diversity, a federal court "cannot presume the existence of federal jurisdiction" but instead "must presume that a suit lies outside [the court's] limited jurisdiction." *Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916, 919 (5th Cir. 2001).

A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.,* 136 S. Ct. 1012, 1015 (2016). Where a partnership's partners are themselves partnerships, the diversity analysis requires an evaluation of the citizenship of each entity in the ownership chain. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009) (finding that diversity jurisdiction existed after tracing [the parties'] "citizenships down the various organizational layers where necessary . . . ."). Purdue failed to prove the citizenship of each component of the ownership chain of Purdue Pharma L.P.

---

[1] The parties did not dispute that the amount in controversy exceeds the $75,000 required minimum.

**PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING REMAND – Page 3**

"[T]he 'appropriate tests for citizenship' involve 'tracing [entities'] citizenships down the various organizational layers where necessary . . . .'" *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) *(quoting Mullins*, 564 F.3d at 397). The Fifth Circuit demands strict adherence to the rule that "citizenship must be 'distinctly and affirmatively alleged.'" *Howrey,* 243 F.3d at 919.

Defendant Purdue Pharma L.P. is a limited partnership with two members. (Doc. #11 at 3.) Dr. Sackler is "one of two trustees of a Connecticut trust within the ownership chain of Purdue Pharma L.P." (*Id*. at 4.) "The Connecticut trust of which Dr. Sackler is a trustee, owns a partnership interest in Rosebay Medical Company L.P. Rosebay Medical Company L.P. holds a partnership interest in BR Holdings Associates L.P., which holds a partnership interest in PLP Associates Holdings L.P. PLP Associates Holdings L.P. holds a partnership interest in Pharmaceutical Research Associates L.P. (formerly known as Purdue Holdings L.P.), which, in turn, owns a partnership interest in Purdue Pharma L.P." (*Id*.) Purdue asserted that the partners of Purdue Pharma L.P. are "citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands," but provides no further information regarding the partners of any part of the ownership structure. (Doc. #1 at ¶12.). To determine the citizenship of a limited partnership, the court "need[s] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). Without information regarding each of the partners throughout the chain of ownership of Purdue Pharma L.P., the Court cannot determine citizenship.

In *Meyerson v. Showboat Marina Casino P'Ship*, the removing defendant described its citizenship as "an Indiana general partnership whose partners/members are two additional Indiana general partnership… Neither [defendant] nor any of its aforementioned constituent members are

citizens of the state of Michigan… [Defendant's] citizenship is in no other state but Indiana." 312 F.3d 318, 320 (7th Cir. 2002). The Seventh Circuit held that this was wholly insufficient because "their statement does not tell us the identity and citizenship of the partners in the two entities that own [Defendant]. Far from showing jurisdiction, this statement multiples the questions by increasing from one to two the number of partnerships whose partners' citizenship matters." *Id*. at 320-21. Purdue provided an equally insufficient statement regarding the citizenship of Defendant Purdue Pharma, L.P.

Purdue asserts that "Dr. Sackler is the only person or entity in the Purdue Pharma L.P. ownership chain alleged by Plaintiffs to be a citizen of Texas." But Plaintiffs do not have the burden of establishing complete diversity of citizenship. Purdue, as the removing party, does. Purdue must prove the citizenship of every party, including all entities in the ownership chain of Purdue Pharma L.P. It failed to do so, focusing instead on hearsay evidence regarding only one component of what appears to be a large and complicated chain of ownership. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D.Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states").

Purdue's allegations of citizenship fell "manifestly short of distinctly and affirmatively alleging … citizenship." *See Mullins v. TestAmerica, Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008). Purdue failed to identify all partners or members in the ownership structure of Purdue Pharma, L.P. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno,* 276 F.3d at 723; *see also Acuna v. Brown & Root,*

*Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

Because Purdue failed to meet its burden of establishing complete diversity, the Court "cannot presume the existence of federal jurisdiction" but instead "must presume that a suit lies outside [the court's] limited jurisdiction." *Howrey,* 243 F.3d at 916, 919 ("Allstate must prove that federal jurisdiction existed at the time of removal, or, at the very least, have alleged facts prior to the entry of judgment in this case that establish federal subject-matter jurisdiction. Without the presence of such facts in the record, a federal court does not have jurisdiction over the case."). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Rankins v. John McGowan Working Partners, Inc.*, 732 F. App'x 311, 312 (5th Cir. 2018) (*quoting Stafford*, 945 F.2d at 805).

**WHEREFORE**, Plaintiff respectfully requests that Plaintiff's Motion to Reconsider be GRANTED, and this matter be remanded to the 152nd Judicial District Court of Harris County, Texas for further proceedings in MDL No. 18-0358, In Re: Texas Opioid Litigation before Judge Schaffer because Defendants have failed to prove complete diversity of citizenship.

Dated: March 4, 2019

                                       Respectfully submitted,

                                       By: */s/ David Greenstone*
                                       **SIMON GREENSTONE PANATIER, P.C.**
                                       David Greenstone
                                       TX State Bar No. 24007271
                                       Jeffrey B. Simon
                                       TX State Bar No. 00788420
                                       1201 Elm Street, Suite 3400
                                       Dallas, Texas 75270
                                       Tel:  (214) 276-7680
                                       Fax: (214) 276-7699
                                       dgreenstone@sgptrial.com
                                       jsimon@sgptrial.com

                                       *ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                       */s/ Jeffrey B. Simon*
                                       Jeffrey B. Simon